# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
MARC J. RANDAZZA, BAR NO. 12265.

No. 76453

**FILED**

OCT 10 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## *ORDER APPROVING CONDITIONAL GUILTY PLEA AGREEMENT*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney Marc J. Randazza. Under the agreement, Randazza admitted to violating RPC 1.8(a) (conflict of interest: current clients: specific rules) and RPC 5.6 (restrictions on right to practice) in exchange for a 12-month suspension, stayed for a period of 18 months subject to conditions.

Randazza has admitted to the facts and the violations alleged in two counts set forth in the amended complaint.[1] The record therefore establishes that Randazza violated the above-listed rules by loaning money to his client without informing the client in writing of the desirability of obtaining independent counsel, and by negotiating with opposing counsel to receive, as part of a settlement, a retainer for future legal services.

As Randazza admitted to the violations as part of the plea agreement, the issue for this court is whether the agreed-upon discipline

---

[1]In exchange for Randazza's guilty plea, the State Bar agreed to dismiss the remaining seven counts in the amended complaint.

sufficiently protects the public, the courts, and the legal profession. *State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (explaining purpose of attorney discipline). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating and mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Randazza has admitted to violating duties owed to his client (conflict of interest) and the legal profession (restrictions on right to practice), and the admitted facts reflect that the misconduct was knowing. His conduct may have caused a delay in the disbursement of settlement funds to his client. The baseline sanction for both rule violations, before considering aggravating and mitigating circumstances, is suspension. Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.32 (Am. Bar Ass'n 2017) (providing that suspension is appropriate when a lawyer "knows of a conflict of interest and does not fully disclose to a client the possible effect of that conflict, and causes injury or potential injury to a client"); *id.* Standard 7.2 (providing that suspension is appropriate when a lawyer "knowingly engages in conduct that is a violation of a duty owed as a professional and causes injury or potential injury to a client, the public, or the legal system"). The record supports one aggravating circumstance (substantial experience in the practice of law) and three mitigating circumstances (absence of prior disciplinary record, full and free disclosure to disciplinary authority or cooperative attitude toward proceeding, and delay in disciplinary proceedings). Considering all the factors, we conclude that the agreed-upon discipline is appropriate.

Accordingly, we hereby suspend Marc J. Randazza for 12 months, stayed for 18 months commencing on the date of this order, subject to the following conditions: (1) Randazza shall "stay out of trouble" during the probationary period, "meaning that he will have no new grievance arising out of conduct post-dating the date of the plea which results in the imposition of actual discipline (a Letter of Reprimand or above, SCR 102) against him"; (2) he shall successfully complete 20 hours of CLE in ethics in addition to his normal CLE requirements during the probationary period; (3) he shall seek the advice and approval of an independent and unaffiliated ethics attorney in the relevant jurisdiction before obtaining any conflicts of interest waivers during the probationary period; and (4) he shall pay the actual costs of the disciplinary proceeding, including $2,500 under SCR 120, within 30 days of this court's order, if he has not done so already. The State Bar shall comply with SCR 121.1

It is so ORDERED.

_____, C.J.
Douglas

_____, J.          _____, J.
Cherry                                Gibbons

_____, J.          _____, J.
Pickering                             Hardesty

_____, J.          _____, J.
Parraguirre                           Stiglich

cc: Chair, Southern Nevada Disciplinary Panel
Gentile, Cristalli, Miller, Armeni & Savarese, PLLC
Bar Counsel, State Bar of Nevada
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, U.S. Supreme Court

SUPREME COURT
OF
NEVADA

(O) 1947A